**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| ANDREW R. GILMAN, | : |
| Plaintiff, | : Civil Action<br>: 08-629 (RMB) |
| v. | : **O P I N I O N** |
| WARDEN PERRY PHELPS, JIM WELCH, and COMMISSIONER CARL DANBERG, | : |
| Defendants. | : |

**APPEARANCES:**

    ANDREW R. GILMAN, Plaintiff pro se
    SBI # 282159
    James T. Vaughn Correctional Center
    Smyrna, Delaware 19977

**Renée Marie Bumb, District Judge**

    Plaintiff ANDREW R. GILMAN ("Plaintiff"), currently confined at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings his § 1983 action against Warden Perry Phelps ("Phelps"), Correctional Medical Services Director Jim Welch ("Welch"), and Delaware Department of Correction Commissioner Carl Danberg ("Danberg") (collectively "Defendants").  Plaintiff alleges Defendants committed malpractice and breached their duty to care for him as a ward of the State of Delaware.

Plaintiff was prescribed psychotropic medications and alleges that, for economic reasons, they were abruptly stopped which caused him to go into a "state of mental meltdown." Plaintiff alleges his subsequent placement in isolation was directly correlated to Defendants' negligence in stopping his medications.

Plaintiff, who has Hepatitis C, was prescribed a substitute mental health medication.  He alleges that unknown medical personnel prescribed the substitute medication knowing that it would have an adverse effect on his liver.  Finally, Plaintiff alleges negligence by "medical" for failure to provide a treatment program for his liver disease.  Plaintiff requests counsel.  (D.I. 6.)

**II.   STANDARDS FOR <u>SUA</u> <u>SPONTE</u> DISMISSAL**

When a litigant proceeds <u>in forma pauperis</u>, 28 U.S.C. § 1915 provides for dismissal under certain circumstances.  When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the Complaint by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief.  An action is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B), the Court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  <u>Fullman v. Pennsylvania Dep't of Corr.</u>, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. <u>Erickson v. Pardus</u>, 550 U.S. 544, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. Id. (citing Twombly, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Id. at 235 (quoting Twombly, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Id. at 234. However, fantastical or delusional claims

that are clearly baseless are insufficient to withstand the Court's evaluation for frivolity dismissal under § 1915(e)(2)(B)(i).  See Denton v. Hernandez, 504 U.S. 25, 33 (1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.  Erickson v. Pardus, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

**III.  DISCUSSION**

Initially the Court notes that, other than to name them as Defendants, the Complaint contains no allegations directed to any Defendant.  A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations.  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)).  Additionally, when bringing a § 1983 claim,  a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

The Court further notes that all three Defendants hold supervisory positions and apparently have been named as

Defendants based upon the positions they hold.  As is well established, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "'A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of respondeat superior.'"  Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).  Personal involvement can be shown through allegations that a defendant directed, had actual knowledge of, or acquiesced in, the deprivation of a plaintiff's constitutional rights.  Id.; see Monell v. Department of Social Services, 436 U.S. 658, 694-95 (1978).  Supervisory liability may attach if the supervisor implemented deficient policies and was deliberately indifferent to the resulting risk or the supervisor's actions and inactions were "the moving force" behind the harm suffered by the plaintiff.  Sample v. Diecks, 885 F.2d 1099, 1117-118 (3d Cir. 1989); see also City of Canton v. Harris, 489 U.S. 378 (1989); Heggenmiller v. Edna Mahan Corr. Inst. for Women, 128 Fed. Appx. 240 (3d Cir. 2005).

There are no allegations that Defendants were personally involved in Plaintiff's medical care.  Moreover, the U.S. Court of Appeals for the Third Circuit has concluded that prison

administrators cannot be deliberately indifferent "simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor." Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). The Third Circuit clarified that "[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004) (discussing Durmer, 991 F.2d at 69). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. at 236.

Finally, Plaintiff alleges negligence and disagreement with the treatment he has received. However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. Harrison v. Barkley, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. Estelle v. Gamble, 429 U.S. 97, 107 (1976).

Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation.  White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); see also Daniels v. Williams, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation).  Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

To the extent that Plaintiff alleges medical negligence, the Complaint makes no mention of any individual who allegedly committed medical malpractice, nor did plaintiff include an affidavit of merit signed by an expert witness with his Complaint as is required under Delaware law.  See Del. Code Ann. tit. 18 §§ 6801(7) and 6853.  Even when reading the Complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need or a medical negligence claim.

**IV.  CONCLUSION**

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all Defendants, as frivolous and for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).  Plaintiff's Motion for Appointment of Counsel will be denied as moot.  (D.I. 6.)

An appropriate order accompanies this Opinion.

s/Renée Marie Bumb
**Renée Marie Bumb**
**United States District Judge**

Date: November 24, 2008